At the Ex-Parte Motion Office Supreme Court of the State of New York, held in and for the County of New York at the County Courthouse thereof on the 21st day of JUNE, 2004.

Present: HON. LUCINDO SUAREZ
JUSTICE

-----------------------------------------------------x
In re:

NORTHEASTERN CONFERENCE
NURSING HOME, INC.,

d/b/a VICTORY LAKES
NURSING CENTER

Index No. 108612/2004

-----------------------------------------------------x

### ORDER PURSUANT TO NEW YORK NOT-FOR-PROFIT LAW § § 510 AND 511 APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF VICTORY LAKES NURSING CENTER TO HEALTHCARE MANAGEMENT SERVICES GROUP, LLC

Upon the Verified Petition (the "Petition") of Mark I. Fishman, chapter 11 trustee (the "Trustee") for Northeastern Conference Nursing Home, Inc. d/b/a Victory Lakes Nursing Center (the "Corporation") dated April 28, 2004, pursuant to Not-For-Profit Law § § 510-511, for approval of the sale of substantially all of the assets of Victory Lakes Nursing Center (the "Nursing Home") to Healthcare Management Services Group, LLC ("HMSG") for $6,121,000 (less certain enumerated purchase price adjustments) and under the material terms and conditions set forth in that certain Asset Purchase Agreement between the Trustee and HMSG dated October 10, 2003 ("the APA"); and the Court having found that due and proper notice of the sale of the Nursing Home having been provided to all parties in interest, and no other or further notice need be provided; and the relief requested in the Petition being consistent with the requirements of N-PCL § 510 and 511; and upon the approval of the Office of the

Attorney General for such sale; and the Court having reviewed the Petition and having determined that the legal and factual bases set forth in the Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, ORDERS, ADJUDGES, AND DECREES THAT:

1. The Petition is granted in its entirety.

2. In accordance with N-PCL §§ 510 and 511, the Trustee is hereby authorized to sell substantially all of the assets of the Nursing Home to HMSG under the terms and conditions set forth in the APA and in accordance with any and all applicable orders of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") with jurisdiction over the Corporation's chapter 11 case.

3. The Trustee shall use the proceeds from the sale of the Nursing Home to pay the Corporation's creditors in accordance with the Trustee's chapter 11 plan (annexed to the Petition as Exhibit E) approved by the Bankruptcy Court.

4. The requirements of N-PCL § 511(b) that the Trustee provide notice of the Petition are deemed satisfied for all purposes by the Trustee having served notice of the Plan to all of the Corporation's creditors and equity holders, and any other or further notice required under the N-PCL is hereby waived.

5. The requirement, pursuant to N-PCL §§ 509 and 510(a)(2), that the Trustee obtain board approval for the transaction is hereby waived.

6. A copy of this Order shall be served on the Attorney General, and upon the U.S. Bankruptcy Court, Southern district of New York, Poughkeepsie division.

7. The Trustee shall provide the Attorney General with written notice in the event that (i) the sale its completed, (ii) the sale transaction is abandoned by the

Trustee, or (iii) the transaction is still pending ninety (90) days from the date of this Order.

Dated: ~~April __, 2004~~ JUNE 21, 2004
New York, New York

ENTER:

_____
J.S.C.

THE ATTORNEY GENERAL HEREBY APPEARS HEREIN, HAS NO OBJECTION TO THE GRANTING OF JUDICIAL APPROVAL HEREON ACKNOWLEDGES RECEIPT OF STATUTORY NOTICE AND DEMANDS SERVICE OF ALL PAPERS SUBMITTED HEREIN INCLUDING ALL ORDERS, JUDGMENTS AND ENDORSEMENTS OF THE COURT. SAID NO OBJECTION IS CONDITIONED ON SUBMISSION OF THE MATTER TO THE COURT WITHIN 30 DAYS HEREAFTER.

_____  6-8-04
ASSISTANT ATTORNEY GENERAL    DATE